UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:22-CV-00048-WOB-EBA

TORI TONI CURTIS,                                                  PLAINTIFF,

V.                  **REPORT AND RECOMMENDATION**

AMY TRIVETTE, *et al.*,                                          DEFENDANTS.

*** *** *** ***

On June 28, 2023, the undersigned directed the parties to file status reports containing, among other things, proposed scheduling deadlines. [R. 22]. Thereafter, Defendants filed a status report with proposed deadlines. [R. 23]. However, no such report was filed by Plaintiff Tori Toni Curtis. So, on July 13, 2023, the undersigned directed Curtis to show cause why her Complaint shouldn't be dismissed for failure to prosecute. [R. 24]. Curtis was provided until July 27, 2023 to show cause. [*Id.*]. To date, Curtis has not responded to the order. Most recently, Defendants moved to dismiss the action for failure to prosecute. [R. 25].

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). The Sixth Circuit has stated,

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citations omitted).

To prosecute this action, Curtis is required to participate in it. The record shows that she failed to do so. Further, the record shows that she exerted no effort to conduct discovery or otherwise litigate this matter. The undersigned finds there is a clear record of delay or contumacious conduct by Curtis. *Id.* Thus, the undersigned concludes that dismissing Curtis's Complaint is appropriate, and it will recommend just that. Having fully considered the matter, and being otherwise sufficiently advised,

IT IS RECOMMENDED that Defendants' motion to dismiss [R. 25] be GRANTED and this action be DISMISSED and STRICKEN from the Court's docket for failure to prosecute.

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed August 28, 2023.

